IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 24-cv-03606-SKC-TPO

GREGORY MCLAUGHLIN,

    Plaintiff,

v.

AUTOMATION EXCHANGE, INC. et al.,

    Defendants.

## JOINT PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

1.    This Joint Protective Order (Order) shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Order, "document" is defined as provided in FED. R. CIV. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. The party or non-party that in good faith believes information is confidential and produces or discloses the information shall be the "Designating Party."

4. Information designated "Confidential" shall be information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information.

5. Information designated "Attorney-Eyes Only Information" or "AEO" means any non-public document, file, portions of files, transcribed testimony, or response to a discovery request, containing trade secrets or confidential commercial or financial data furnished by or obtained from any person that the Designating Party believes in good faith can be disclosed only as described in paragraph 6, below.

6. Disclosure of AEO Information. Material stamped "AEO" may not be disclosed to any person other than:

    A. the Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the Parties;

    B. copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the action;

    C. counsel of record in this litigation, and those attorneys' respective employees;

  D. court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information or AEO Information;

  E. experts or consultants of a party, provided the requirements of Paragraph 10 of this Order are met;

  F. insurers, and counsel for insurers of the Parties;

  G. partners of any party and other entities under common ownership or management with a party; and

  H. a non-party deponent, witness, or potential witness, who may be examined and may testify concerning Confidential Information or AEO Information if it appears on its face or from other documents that the witness is the author or recipient of the Confidential Information or AEO Information or if there is a good faith, legitimate basis for examining the non-party witness concerning the Confidential Information or AEO Information.

7. Disclosure of Confidential Information. Material stamped "CONFIDENTIAL" may not be disclosed to any person other than:

  A. those persons identified in paragraph 6; and

  B. the Parties and their employees who have a need to know about the information.

8. Each individual who receives Confidential Information or AEO Information agrees to subject himself or herself to the jurisdiction of this Court for

the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

9. Confidential Information or AEO Information shall be used only for the purposes of this action and shall not be disclosed or used for any purpose except the preparation and trial of this matter. Confidential Information or AEO Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the parties to this Order, or by court order.

10. Prior to disclosing any Confidential Information or AEO Information to any person identified in sub-paragraph 6(e) (expert witnesses and consultants), sub-paragraph 6(g) (partners of any party and other entities under common ownership or management with a party), or sub-paragraph 6(h) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Order and obtain from such person a written acknowledgment stating that he or she has read this Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

11. Whenever a deposition involves the disclosure of Confidential Information or AEO Information, the deposition or portions thereof shall be designated as Confidential or AEO and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential or AEO after transcription, provided written notice of the designation

4

is promptly given to all counsel of record within **thirty days** after notice by the court reporter of the completion of the transcript. All testimony shall be treated as Confidential Information or AEO Information until the thirty-day period has expired.

12.　A party may object to the designation of Confidential Information or AEO Information by giving written notice to the Designating Party. The written notice shall identify the information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCIvR 7.1(a). If the parties cannot resolve the discovery dispute within **ten business days** after the time the notice is received, the parties shall **jointly** contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as Confidential or AEO under the terms of this Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as Confidential or AEO and shall not thereafter be treated as Confidential or AEO in accordance with this Order. The Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or AEO pursuant to D.C.COLO.MJ V.5.

13.　Unless other arrangements are agreed upon in writing by the parties, within **thirty days** of the final determination of this action, each person or party who has received Confidential Information or AEO Information shall be obligated to

return the Confidential Information or AEO Information, including any copies, to the Designating Party, or the receiving party may elect to destroy the Confidential Information or AEO Information, including any copies, and certify that it has been destroyed. The receiving party, however, need not destroy or return (a) any Confidential information or AEO Information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to Confidential Information or AEO Information.

14. The termination of this action shall not relieve counsel or other persons obligated from their responsibility to maintain the confidentiality of Confidential Information or AEO Information pursuant to this Order. The Court will not retain jurisdiction of enforcing this Order once the case is closed.

15. Any request to restrict public access to materials designated as Confidential or AEO pursuant to this Order must comply with the requirements of D.C.COLO.LCIVR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

16. The parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection. This Order does not affect or constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege, protection, law, or regulation. If a party inadvertently discloses such privileged or

6

work product information, the parties shall follow the procedures provided by FED. R. CIV. P. 26(b)(5)(B). The parties further agree that they will not assert as a ground for finding a waiver of any applicable privilege, the fact that production has occurred.

17. By agreeing to this Order, the parties have not waived any applicable privilege or work product protection. Nor does this Order affect the ability of a party to seek relief for inadvertent disclosure of privileged documents and information.

18. If any party or person subject to this Order receives a court order, subpoena, or other process demanding production of Confidential Information or AEO Information, that person or party shall promptly notify the attorneys of the Designating Party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against the subpoena, process, or order. Once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than fourteen days after notice) to object has been given, the party served with the discovery request, subpoena, or other process shall be entitled to comply with the subpoena, discovery request, or other process order except (1) to the extent the Designating Party has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, discovery request, or other process or (2) to the extent the filing of the motion to modify, stay, or quash the subpoena,

discovery or other process stays the party's obligation to comply with the request. If the return or response date for the subpoena or the compliance date for any order is less than fourteen days after service, the party receiving the subpoena or order shall request an extension of the return or compliance date and advise the Designating Party immediately of the return or compliance date.

19. This Order shall be without prejudice to the right of any party to oppose production of any information on any ground allowed under law.

20. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 2nd day of September, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge